UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **Valerie Q. O'Connor,** | : | **Docket No. 23-179** |
| **Plaintiff,** | : | |
| v. | : | **Judge** |
| **QBE Specialty Insurance Company,** | : | **Magistrate Judge** |
| **Defendant.** | : | |

## COMPLAINT FOR DAMAGES

NOW COMES Valerie O'Connor, Plaintiff, through undersigned counsel, who respectfully represents that:

### PARTIES

1. Made plaintiff herein Valerie O'Connor, an individual citizen domiciled in Orleans Parish, Louisiana and owning property at 4509 Meadowdale St. Metairie, Louisiana 70006 made subject of this litigation.

2. Made Defendant herein is QBE Specialty Insurance Company, ("QBE") at all times material herein: upon information and belief, incorporated under the laws of North Dakota, with a principal place of business located at One QBE Way Sun Prairie, WI 53596.

3. QBE is authorized to do and doing business in the State of Louisiana as well as in Jefferson Parish, which received full payments for and provided the policy of insurance (the "Policy) at issue herein, and which may be served through its Registered Agent for Service of Process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809.

### JURISDICTION AND VENUE

4. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between Plaintiff and Defendant.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

6. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

1

7. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, defendant's business activities include, among other things, executing contracts of insurance with various Louisiana based homeowners.

8. This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiff is, therefore, entitled to bring this action in this Court.

## FACTUAL BACKGROUND

9. Plaintiff contracted with QBE insure the property located at 4509 Meadowdale Street Metairie, Louisiana 70006 (hereinafter "insured premise").

10. The insured premise is Plaintiff's property, a single-family residential house.

11. The insured premise is covered under a policy issued by QBE with policy number believed to be Policy Number 2751305 (hereinafter "the policy"). The policy was in full effect during the period including the date of loss August 29, 2021. QBE assessed the risk and provided Replacement Cost Value coverage following their evaluation of the property.

12. Plaintiff paid all premiums associated with the policy when due in a timely manner and without delay.

13. Plaintiff entered into the contract of insurance with the reasonable expectation that in return for the payment of the premium, QBE would abide by the terms of their policy and pay for any covered losses that may occur.

14. On August 29, 2021, while the policy was in full force and effect, the insured premises sustained significant damages resulting from Hurricane Ida, a major category four hurricane, around 12:00 p.m. when Hurricane Ida made a catastrophic landfall near Port Fourchon, Louisiana.

15. Devastating winds and rain lasted for several hours as the hurricane passed over Metairie.

16. Hurricane Ida resulted in extensive damage to Metairie, including shredding the power grid and thousands of structures.

17. As a result of Hurricane Ida, Plaintiff's property suffered extensive damage, which caused significant subsequent water damage throughout the entirety of the insured premises.

18. Plaintiff provided timely and proper notice to QBE of the loss shortly after August 29, 2021.

19. Plaintiff is entitled to recovery of all benefits due under the policy resulting from the hurricane to the insured premises, including, but not limited to, the structural loss, recoverable depreciation, additional living expenses, and personal property.

20. Following the storm, a representative of QBE was given full access to inspect the insured premises following Hurricane Ida. During this inspection, the extensive damage to the building was visible and obvious.

21. In compliance with her duties, Plaintiff has cooperated with QBE and their consultants, making the property fully and completely available for the viewing of the physical loss evidence.

22. QBE and their consultants knew or should have known that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been decided.

23. Despite being aware of the critical damage to the structure and undisputed existence of damage, QBE did not provide adequate payment on the claim for a period well exceeding 30 days from their initial inspection.

24. QBE's initial Hurricane Ida inspection provided satisfactory proof of loss in so far as they contained sufficient information providing the extent of the loss to allow the defendants to make a determination on the loss, particularly the building coverage.

25. Plaintiff's former counsel also sent a demand on February 2, 2022, and QBE did not request any payment until March 22, 2022.

26. QBE's March 22, 2022 tender was grossly inadequate to complete the repairs needed to the property.

27. Despite QBE's failure to timely pay the evidenced loss, Plaintiff has continued to work with QBE and their consultants to ensure compliance with their duties under the policy. This cooperation in no way waives QBE's duties under the law.

28. Defendant has unjustifiably failed and/or refused to perform their obligations under the policy and have wrongfully or unfairly limited payment on Plaintiff's claim.

29. The entire claims process has caused Plaintiff considerable continuing emotional distress and mental anguish.

30. Defendant has insured Plaintiff's property for more than three years.

31. Defendant has stated the intent to decline renewal of Plaintiff's property for failure to make repairs, but had Defendant paid the adequate value of the claim to conduct repairs, there would be no issue with renewal.

## CAUSES OF ACTION

32. Each section below containing a cause of action fully incorporates all facts and allegations set forth in each section previously set forth herein.

### TIMELINE VIOLATION OF LA. STAT. ANN. §22:1892 AND §22:1973

33. Insurers have the duty to initiate loss adjustment of a property damage claim within fourteen (14) days after the notification of loss by a claimant, which may be extended by the Insurance Commissioner in the aftermath of catastrophic damage. La. Stat. Ann. §22:1892(A)(3)

34. The Louisiana Insurance Commissioner's Emergency Rule 47 extended the initiation of loss adjustment timeline under La. Stat. Ann. §22:1892(A)(3) to sixty days (60) days from claimant's notice.

35. However, Emergency Rule 47 duly noted that "insurers must continue to provide timely service to their insured claimants by promptly acknowledging receipt of claims and making appropriate assignments for the adjustment of claims."

36. Emergency Rule 47 did not alter any other timeline under La. Stat. Ann. §22:1892 other than 14-day initiation of loss adjustment time delineated under La. Stat. Ann. §22:1892(A)(3) specifically.

37. QBE received no further time extensions by either a government entity or the Plaintiff.

38. QBE's duty to meet all other claims handling timelines after the initiation of their loss adjustment remained in effect.

39. Louisiana law provides claims handling timelines strictly construed under Louisiana law.

40. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

41. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000,

whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1)

42. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

43. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

44. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages.

45. The statutory timeline starts from the initial inspection and not from any final report by the insurer.

46. Plaintiff is seeking a Declaratory Judgment confirming that QBE has an obligation to comply with the 30-day and 60-day statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, in so far that the insurer must tender undisputed payments on a claim within the statutory time after receiving satisfactory proof of loss.

47. Plaintiff is seeking Declaratory Judgement confirming that QBE's thirty- and sixty-day timelines under La. Stat. Ann. §22:1892 and §22:1973 began to run for this claim property insurance claim involving Hurricane Ida upon Defendant's inspection of the property.

## BREACH OF CONTRACT

48. Defendant breached the terms of the policy when they unjustifiably failed and/or refused to perform its obligations in accordance with its policy and Louisiana law by failing to pay for all benefits due to the Plaintiff.

49. This breach of the insurance contract was and is the direct and proximate cause of damage to the Plaintiff for the repair of Plaintiff's insured property with like kind and quality material as existed at the time the hurricane occurred.

50. By virtue of the breach of contract, QBE are liable to and owe Plaintiff for the actual damages sustained as foreseeable and a direct result of the breach and all other damages the Plaintiff may prove as allowed by the law.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

51. QBE received satisfactory proof of the loss indicating the insurance benefits due to the Plaintiff but failed to timely investigate and settle the loss.

52. Failure to make such payment within thirty days was arbitrary, capricious, and without probable cause, subjecting QBE to a penalty, in addition to the amount of the loss, of 50% of damages on the amount found to be due from the insurer to the insured, as well as reasonable attorney's fees and costs pursuant to La. Stat. Ann. §22:1892.

53. In addition, QBE owed Plaintiff an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims but breached that affirmative duty by failing to pay the amount due on this claim within thirty days of receiving satisfactory proof of loss by acting in an arbitrary, capricious, and without probable cause manner, subjecting QBE to a penalty of two times the amount of damages sustained, or $5,000, whichever is greater, pursuant to La. Stat. Ann. §22:1973.

54. Damages sustained include consequential damages such as personal injury, mental anguish, increased repair expenses, and all other damages incurred as a result of QBE's breach of its duty to adjust claims fairly and promptly.

## DAMAGES

55. As a result of the actions of the Defendant, Plaintiff has suffered the following nonexclusive list of damages:

   a. Repair and remediation expenses;

   b. Diminution in value of property;

   c. Mental anguish;

   d. Attorney's fees;

   e. Appraisal and/or umpire expenses;

   f. Expert expenses;

   g. Costs of this litigation; and

   h. All other losses which will be proven through discovery or at the trial of this matter.

## JURY DEMAND

56. Plaintiff prays for damages as are reasonable in the premises, and affirmatively assert that the damages sought herein exceed the minimum limits for a trial by jury pursuant to Louisiana law.

57. Plaintiff requests a trial by jury on all issues so triable by a jury in this matter and reserve the right to supplement and amend this Petition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff herein, Valerie O'Connor, prays that this complaint be filed into the record, that Defendant, QBE Specialty Insurance Company, be cited to appear and answer same, that a jury trial be had, and after due proceedings are had, there be judgment rendered in favor of Plaintiff, Valerie O'Connor, and against Defendant, QBE Specialty Insurance Company, for all damages as are reasonable in the premises, for all costs incurred in this matter, along with legal interest from the date of judicial demand until paid, all consequential damages, all statutory penalties and attorney's fees, and all general and equitable relief available. Further, Plaintiff, Valerie O'Connor, pray that there be a judgment rendered in favor of Plaintiff and against defendant, QBE Specialty Insurance Company, declaring that in their transaction of insurance QBE have an obligation to comply with the statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, which began to run upon the inspection of the property following Hurricane Ida.

Respectfully Submitted:

*/s/ Charles K. Cicero, III*
Charles K. Cicero, III (#38237)
Potts Law Firm, LLP
825 Baronne St.
New Orleans, Louisiana 70113
Tel:    504-681-9778
Fax:    713-583-5388
ccicero@potts-law.com
*Attorney for Plaintiff*